```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DOLORES CUTIE,

                        Plaintiff,
                                                                    **ORDER**
            -against-                                               CV 06-6140 (LDW)(ARL)

WINTHROP UNIVERSITY HOSPITAL,

                        Defendant.

----------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's letter application dated April 3, 2007, seeking to quash three non-party subpoenas served on the plaintiff's former employers. Each of the subpoenas requests a copy of the plaintiff's employment file. The plaintiff contends that the subpoenas should be quashed because they do not seek information relevant to any claim or defense in this matter. She argues, in this regard, that her past employment records have no bearing on her claim, that is, that the defendant violated the FMLA by failing to restore her to the same or an equivalent position after she returned from her twelve week leave.

      In opposition to the motion, the defendant argues that the plaintiff's previous employment records are relevant to the defendant's defense of this matter and the mitigation of damages. The defendant contends that the plaintiff's prior employment is relevant because the defendant did not restore the plaintiff's job because of her poor job performance. In addition, the defendant contends that although the plaintiff has couched this action in terms of the FMLA, it is in fact a traditional employment action.

      The court finds the defendant's arguments to be without merit. To begin with, the defendant has admitted in its answer that the plaintiff took a leave of absence under the FMLA beginning on October 3, 2005. Notwithstanding whether the plaintiff will succeed on her FMLA theory, it is clear from the pleadings that the plaintiff is relying solely on the FMLA. Moreover, even if the defendant intends to rely on the plaintiff's poor job performance as a defense for its failure to restore her to the same or an equivalent position, the defendant has not explained how the plaintiff's alleged misrepresentation of the dates of her past employment would be relevant to that poor job performance. Accordingly, the plaintiff's application is granted. The defendant is to provide a copy of this order to the recipients of the subpoenas immediately upon receipt of the order.

      Also before the court is the plaintiff's request for an enlargement of time to amend her

pleadings.[1] Specifically, the plaintiff seeks to extend the deadline from April 13, 2007 to May 4, 2007. The defendant has indicated that they intend to submit opposition to that request. The court will aware that the defendant still has time to respond, but takes this opportunity to clarify that the deadline the plaintiff seeks to extend is not a deadline to amend the pleadings, but rather a deadline to submit a motion seeking leave to amend the pleadings pursuant to Fed. R. Civ. P. 15(a).

Dated: Central Islip, New York
      April 18, 2007

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge

---

[1] In her April 12, 2007 application, the plaintiff also has replied to the defendant's opposition to her motion to quash. The reply, which was submitted without permission, was not considered by the court.