UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DOLORES CUITE,

                Plaintiff,

        -against-

WINTHROP UNIVERSITY HOSPITAL,

                Defendant.

-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 06-6140 (LDW)(ARL)

**LINDSAY, Magistrate Judge:**

Before the court, on referral from Judge Wexler, is the plaintiff's letter application seeking to amend her complaint. The plaintiff seeks to add a cause of action for interference with her FMLA rights against the defendant Winthrop University Hospital. In addition, the plaintiff seeks to add two new defendants, Ilene Rodriguez and Karen Weisenberger. With respect to the two new defendants, the plaintiff seeks to assert a cause of action for tortious interference with employment against Ilene Rodriguez and a cause of action for negligent misrepresentation against Karen Weisenberger. The defendant opposes the motion by letter dated June 6, 2007.[1] For the reasons set forth below, the undersigned recommends that plaintiff's application be granted, in part.

## BACKGROUND

The plaintiff, Dolores Cuite ("Cuite"), commenced this action on November 9, 2006, alleging that the defendant, Winthrop University Hospital ("Winthrop"), violated the Family and Medical Leave Act (the "FMLA") by failing to restore her to the same or an equivalent position

---

[1] By letter dated June 8, 2007, the plaintiff sought permission to reply to the defendant's opposition papers. That request is denied.

upon completion of her leave of absence. Cuite was employed as a Clinical Billing Manager at Winthrop from 1999 to 2005. Complaint at ¶2. On August 25, 2005, Cuite applied for a leave of absence in order to have surgery on her left foot. *Id.* at ¶ 4; Soric Letter at 3. On September 20, 2005, Winthrop granted the plaintiffs' request for a leave of absence *Id.* at ¶ 5; Soric Letter at 3.

On the same day as the leave was granted, Cuite met with a number of Winthrop personnel to discuss her job performance, including, Ilene Rodriquez ("Rodriguez"), who was Cuite's direct supervisor, and Karen Weisenberger ("Weisenberger"), the Director of Human Resources. Soric Letter at 4. According to the defendant, during that meeting, Cuite stated that she would not return to the billing department because she could not work with the proposed defendant Ilene Rodriguez. Id. at 5. The defendant contends that it understood Cuite's statement to be a resignation and that Weisenberger warned Cuite that, while she was free to apply for any open positions, the only position to which she would be returned after her leave was her current position. *Id.* Cuite's recollection of the meeting is quite different. She contends that during the meeting she was told she wasn't welcome back in the department. Noonan letter at 2.

In either case, both parties agree that Cuite left Winthrop the following day, although her leave was not scheduled to begin until October 3, 2007. Winthrop contends that rather than terminating the plaintiffs' employment following the meeting, Weisenberger suggested that Cuite take her vacation from September 21, 2007 to the date of her scheduled leave and then commence her leave on October 3, 2007. Soric Letter at 4. In November 2005, upon completion of her leave, the plaintiff applied for two new positions. Complaint at ¶¶ 7-9. Winthrop contends that it did not hire Cuite for either of the positions because she was not qualified. Soric Letter at 4.

Cuite now argues that she was misled into believing that she could not seek restoration of her prior position. Noonan Letter at 2. Cuite contends that she was led to believe that she could

2

only apply for the new equivalent positions upon her return from leave. *Id.* Based on these facts, the plaintiff seeks to add an additional claim against Winthrop for interference with her FMLA rights, against Rodriquez for tortious interference with employment, and against Weisenberger for negligent misrepresentation.

## DISCUSSION

As the motion here was timely made, it must be determined under the liberal standard of Rule 15. Pursuant to Fed. R. Civ. P. 15(a), "leave to [amend] shall be freely granted when justice so requires." "Only 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party...[or] futility of the amendment' will serve to prevent an amendment prior to trial." *Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 1002 (E.D.N.Y. 1995) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)). The defendant opposes the motion on all of these grounds, arguing that the claims are futile, that the plaintiff has unduly delayed the motion, that the amendment had been made in bad faith solely to harass hospital employees, and that allowing the proposed amendment would prejudice the defendant. Each of these arguments is addressed in turn.

**A. Futility.**

An amendment is considered futile if the proposed claim would not survive a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6). *See Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 339-40 (2d Cir. 2000). Accordingly, in determining whether a proposed amendment would be futile, the claims must be construed in the light most favorable to the plaintiff. *See Forman,* 371 U.S. at 182. "To overcome objections of futility, the plaintiff must merely show that it has 'at least colorable grounds for relief.'" *Shiah Yih Indus. Co. v. Sitco Importing Co.,* 1997 U.S. Dist. LEXIS 7917 at *11 (S.D.N.Y. June 5, 1997).

**1. Interference with Cuite's FMLA Rights.**

Winthrop argues, first, that Cuite will be unable to establish a prima facie case for interference with FMLA rights because she was not entitled to benefits under the FMLA.[2] In this regard, they contend that although Winthrop permitted the plaintiff to take an FMLA leave, Winthrop had no obligation to do so since Cuite resigned her position at the September 20th meeting. As previously stated, Winthrop concluded that Cuite had resigned based on her statement that she could not "work with Ilene." Winthrop alternatively argues that Cuite had no right to reinstatement because, as Cuite acknowledges, she was removed from her position for performance issues at the same meeting.

Although the proposed amended complaint does not address the statement that Winthrop believes was a resignation, nor does it state that she was removed from her position, the complaint does contain several averments concerning the September 20th meeting. Cuite alleges that it was Cathy Ford who told her she would not be welcomed back if she failed to sign a Final Written Warning concerning her job performance. Proposed Amended Complaint at ¶ 15. Cuite also alleges that Weisenberger stated that she did not have to sign the Warning, but that she would not be able to seek reinstatement of her original position after her leave. Proposed Amended Complaint at ¶¶ 13-18. As the court "must accept the allegations in the proposed amended complaint as true, it is far too early to say that this claim is futile. Winthrop may ultimately be able to prove that Cuite resigned or was removed prior to her leave, but given the allegations in

---

[2]"In order to establish a *prima facie* case for interference under the FMLA, a plaintiff must establish: '(1) that she is an 'eligible employee' under the FMLA; (2) that defendants constitute an employer under the FMLA; (3) that she was entitled to leave under the FMLA; (4) that she gave notice to defendants of her intention to take leave; and (5) that defendants denied her benefits to which she was entitled by the FMLA.'" *Roberts v. Groung Handling, Inc.,* 2007 U.S. Dist. LEXIS 23441 *25 (S.D.N.Y. March 30, 2007).

the proposed amended complaint, the interference with FMLA rights claim is not futile for the purposes of the motion to amend.

## 2. Tortious Interference with Employment against Rodriguez

Winthrop next argues that Cuite should not be permitted to amend the complaint to add a claim for tortious interference with employment against Rodriguez as that claim is also futile and has been asserted solely to harass Winthrop and Rodriguez.[3] In order to state a claim for tortious interference with employment a plaintiff must show "(a) that a valid contract exists; (b) that a 'third party' had knowledge of the contract; (c) that the third party intentionally and improperly procured the breach of contract; and (d) that the breach resulted in damage to plaintiff." *Donofrio-Ferrezza v. Nier,* 2005 U.S. Dist. LEXIS 21103 at * 46 (S.D.N.Y. September 21, 2005). In addition, where, as here, a plaintiff is an at-will employee, she must establish "that the third party used wrongful means to effect the termination[] such as fraud, misrepresentation, or threats, that the means used violated the duty owed by the defendant to the plaintiff, or that the defendant acted with malice." *Id.* at *46-47.

Cuite contends, in the proposed amended complaint, that Rodriguez "had it in" for her and that once she became Cuite's supervisor, she began a smear campaign against the plaintiff including "secretly documenting misleading and exaggerated complaints about the plaintiff's

---

[3]Where a proposed amended complaint seeks to add new defendants, Rules 20 and 21 also govern. Fed. R. Civ. P. 21 provides that an amendment to add a party to a lawsuit may be made by order of the court "at any stage of the action and on such terms as are just." *Sly Magazine, L.L.C. v. Weider Publications, L.L.C.,* 2007 U.S. Dist. LEXIS 26283 * 15 (S.D.N.Y. April 9, 2007). "Rule 20(a) allows persons to be joined as defendants if the plaintiff asserts against them a claim arising out of the same occurrence or transaction and any question of law or fact common to all of the defendants will arise in the action." *Ovadia Corp. V. Instyle Jewellery,* 2005 U.S. Dist LEXIS 13084 *5 (S.D.N.Y. June 30, 2005). These requirements, which have not been addresses by either party, can be easily met by the plaintiff.

work performance." Amended Complaint at ¶ 30, 33. Cuite further contends that Rodriguez's actions lead to her losing her job. *Id.* at ¶ 36. Notwithstanding the fact that Cuite has alleged that Rodriguez used wrongful means to effect her termination, the tortious interference claim is futile.

A plaintiff 'may not sue employees of a party to a contract, unless the plaintiff has shown that the [proposed] defendant-employee has 'exceeded the bounds of his or her authority." *Donofrio-Ferrezza*, 2005 U.S. Dist. LEXIS at * 47 (citing *Finely v. Giacobbe,* 79 F.3d 1285, 1295 (2d Cir. 1996). There is nothing in the proposed amended complaint to suggest that Rodriguez acted outside the scope of her authority. Even if Rodriguez 'had it in" for Cuite, there is nothing in the complaint to suggest that Rodriguez lacked authority to document Cuite's work performance and issue her written warnings. Accordingly, to the extent that the plaintiff seeks to add a cause of action for tortious interference with employment, that application should be denied.

### 3. Negligent Misrepresentation against Weisenberger

Winthrop also argues that the plaintiff's negligent misrepresentation claim is futile. The court agrees. "'In order to establish a claim for negligent misrepresentation, [a] plaintiff [is] required to show that defendant had a duty, based on some special relationship with [the plaintiff], to impart correct information, that the information was false or incorrect and that [the plaintiff] reasonably relied upon the information given by defendant." *Ellis v. Provident Life & Accident Insur. Co.,* 3 F. Supp. 2d 399, 411 (S.D.N.Y. 1988), *aff'd* 172 F.3d 37 (2d Cir. 1999). The special relationship must be based on a fiduciary duty and under New York law, an employer-employee relationship is not fiduciary in nature. *Id.* (citing *Lind v. Vanguard Offset Printers, Inc.,* 857 F. Supp. 1060, 1067 (S.D.N.Y. 1994); *see also Onanugu v. Pfizer, Inc.,* 2003 U.S. Dist. LEXIS 20298 *9 (S.D.N.Y. Nov. 7, 2003)(plaintiff's negligent misrepresentation claim based on information received from employer concerning exercise of stock options dismissed given

6

absence of fiduciary relationship); *Madera v. Metropolitan Life Insur. Co.,* 2002 U.S. Dist. LEXIS 12000 * 24 (S.D.N.Y. July 2, 2002)(dismissal of negligent misrepresentation claim where corporate officer made representations concerning promotions). *Compare, Suez Equity Investors, L.P. v. SEI Assocs.,* 250 F.3d 87 (2d Cir. 2001)(special relationship requirement satisfied where defendant, chairman of board and chief financial officer, sought investors for project). Even if the court accepts as true the plaintiff's allegation that, as the Director of Human Resources, Weisenberger had expertise concerning employee rights and held a position of trust and confidence among the employees, that allegation does not negate the fact that Weisenberger and Cuite had an employer-employee relationship. Thus, the special relationship element cannot be satisfied and the plaintiff's request to add a cause of action for negligent misrepresentation is denied.

**B. Undue Delay and Prejudice.**

Finally, Winthrop argues that Cuite unduly delayed bringing this motion. Specifically, Winthrop contends that since the parties have engaged in extensive discovery, permitting the plaintiff to assert new claims will prejudice the defendant by requiring additional discovery. In assessing the likelihood of prejudice, the court should consider whether the proposed amendment will "(i) require the opponent to expand significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir. 1993). Taking these factors into consideration, the court finds that the matter will not be unduly delayed, nor will the defendant will not be unduly prejudiced, as a result of the granting of the motion.

Although the plaintiff has offered no explanation for why she waited six months to assert

7

these new claims, the scheduling order, as amended by this court's May 2nd order, provided that motions to amend the pleadings or join new parties could be made by May 11, 2007. In addition, the parties are currently operating under the original discovery deadline initially set by the court, and thus, the court can extend the deadlines to permit additional discovery necessitated by the new claim without significantly delaying the resolution of this matter. Finally, the proposed amendments arise from essentially the same set of facts and would not fundamentally change the nature of the action. *Shiah Yih,* 1997 U.S. Dist. LEXIS at *4-5 (courts consistently grant motions to amend where new allegations closely relate to original claim).

Accordingly, the court recommends that the plaintiff's motion to amend the complaint be granted only to the extent it seeks to add a cause of action against Winthrop for interference with FMLA rights.

**OBJECTIONS**

A copy of this Report and Recommendation is being served by the Court on all parties. Any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       July 2, 2007

                                                            _____/s/_____
                                                            ARLENE R. LINDSAY
                                                           United States Magistrate Judge